UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br>      Plaintiff,<br><br>v.<br><br>TRUST DESIGN & REMODEL, LLC, AND RENA HARRINGTON, PERSONAL REPRESENTATIVE OF THE ESTATE OF JUSTIN HARRINGTON,<br><br>      Defendants. | C.A. NO. |

**COMPLAINT FOR DECLARATORY RELIEF**
**(WITH JURY DEMAND)**

Plaintiff Nautilus Insurance Company brings this action pursuant to 28 U.S.C. § 2201 seeking a judicial declaration of its rights, duties and responsibilities under a contract of insurance as the result of claims brought against its insured.

**THE PARTIES**

1. The plaintiff, Nautilus Insurance Company, is an eligible surplus lines insurer whose policies are sold and delivered in the Commonwealth of Massachusetts and having a principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona.

2. The defendant, Trust Design and Remodel, LLC is a licensed and registered general construction contractor, and a Massachusetts limited liability company with a place of business located at 655 West Hartford Ave., Uxbridge, Massachusetts.

3. The defendant, Rena Harrington, is an individual of Gloucester County of

Essex, Commonwealth of Massachusetts, is the duly appointed Personal Representative of the Estate of Justin D. Harrington, late of Gloucester, by appointment having been made in the Probate and Family Court, Essex County, Commonwealth of Massachusetts, Docket No. 19-P-2235-EA.

## JURISDICTION AND VENUE

4. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, pursuant to Rule 57 of the Federal Rules of Civil Procedure.

5. The District Court has jurisdiction over this matter pursuant to the provisions 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper under the provisions of 28 U.S.C. § 1391(b)(2)&(3),

## STATEMENT OF FACTS

7. Nautilus Insurance Company ("Nautilus") issued Commercial Policy No. NN805577, effective for the policy period from May 16, 2017 to May 16, 2018, to Trust Design and Remodel, LLC, as named insured (the "Policy").

8. The Policy provides general liability coverage with liability limits of $1,000,000.00 per occurrence $2,000,000 in the aggregate.

9. A true, accurate and complete copy of the Policy is attached as **Exhibit A**.

10. The insurance policy states, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement.**

   a.   We will pay those sums that the insured becomes legally obligated We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1)   The amount we will pay for damages The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

   (2)   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services covered unless explicitly provided for under Supplemental Payments – Coverages A and B.

   b.   This insurance applies to "bodily injury" and "property damage" only if:

   (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2)   The "bodily injury" or "property damage" occurs during the policy period; and

   (3)   Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily

injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period."

* * * *

### SECTION V - DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * * *

13 "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * * *

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * * *

### EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion **e. Employer's Liability** of **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is **replaced** by the following:
This insurance does not apply to:
**e. Injury to Employees, Contractors, Volunteers and Other Workers**
"Bodily injury" to:

-4-

    **(1)** "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

    **(2)** Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors arising out of and in the course of:

        **(a)** Employment by any insured; or

        **(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or

    **(3)** The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph **(1)** or **(2)** above.

This exclusion applies:

**(1)** Regardless of where the:

    **(a)** Services are performed; or

    **(b)** "Bodily injury" occurs; and

**(2)** Whether any insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** Exclusion **a. Any Insured** of **2. Exclusions** of **Section I - Coverage C - Medical Payments** is **replaced** by the following:

We will not pay expenses for "bodily injury":

    **a.  Any Insured**

        To any insured.

All other terms and conditions of this policy remain unchanged.

* * * *

**TOTAL EXCLUSION – SUBSIDENCE OR MOVEMENT OF SOIL, LAND, BEDROCK OR EARTH**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.   The following exclusion is **added** to Paragraph **2. Exclusions of Section I - Coverage A – Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability and Coverage C - Medical Payments**:

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments directly or indirectly arising out of, resulting from, contributed to, aggravated or concurrently caused by "subsidence or movement of soil, land, bedrock or earth", whether natural, manmade or otherwise.
>
> We have no duty to defend any insured against any loss, claim, "suit", or other proceeding alleging damages arising out of or related to "bodily injury", "property damage", "personal and advertising injury" or medical payments to which this exclusion applies.
>
> B. For the purpose of this endorsement, the following is added to the Definitions section:
>
> "Subsidence or movement of soil, land, bedrock or earth" includes, but is not limited to settling, bulging, shaking, sinking, slipping, shifting, eroding, rising, tilting, expanding, contracting, shrinking, instability, falling away, caving in, landslide, mudflow, flood, sinkhole, earthquake, volcano, or avalanche.
>
> All other terms and conditions of this policy remain unchanged.

11. On or about August 6, 2020, the plaintiff, Rena Harrington, Personal Representative of the Estate of Justin D. Harrington, hereinafter the "Underlying Plaintiff," commenced a civil action in the Essex Superior Court to recover damages arising from a construction site fatality involving the decedent, Justin Harrington on January 18, 2018.

12. A true, accurate, and complete copy of the Complaint from the Underlying Action is attached as **Exhibit B**.

13. In the Underlying Action, the Underlying Plaintiff asserts a total of two counts against the defendant, Trust Design & Remodel, LLC: Count XVII, wrongful death, Count XVIII, conscious pain and suffering. [Exhibit B, ¶¶71-78].

14. The Underlying Plaintiff alleges that on January 18, 2018, the decedent Justin Harrington during the course of his employment, was operating a Toro "Dingo," a compact utility loader, in and within the basement of a residential building located at 23 Nashua Avenue in Gloucester, Massachusetts,

15. The Underlying Plaintiff alleges that on January 18, 2018, the decedent was operating the Toro "Dingo" when he became pinned between the Toro "Dingo" and overhead steel carrying beam supporting the building causing fatal personal injuries. [Exhibit B, ¶8].

16. The Underlying Plaintiff alleges that on January 18, 2018, the decedent, Justin Harrington, was employed by Stoneworks Construction Company as a laborer. [Exhibit B, ¶7].

17. The Underlying Plaintiff alleges that Stoneworks Construction Company had been retained by Craig's Concrete & Construction, LLC, as a subcontractor to perform a basement excavation at the building. [Exhibit B, ¶7].

18. The Underlying Plaintiff alleges that Craig's Concrete & Construction, LLC, had been retained as a subcontractor by the general contractor, Trust Design & Remodel, LLC. [Exhibit B, ¶7].

19. The Underlying Plaintiff alleges that the defendant, Trust Design & Remodel, LLC, was the general contractor at and for the worksite, and signed the building permit as the licensed construction supervisor where the subject incident on January 18, 2018 took place. [Exhibit B, ¶¶12; 73].

20. In Count XVII, the Underlying Plaintiff asserts a wrongful death claim against Trust Design & Remodel, LLC alleging that it had a nondelegable duty to observe and enforce all state and federal safety regulations on the construction project, and breached that duty by failing to plan, supervise, implement, and enforce all such safety regulations and measures at the site. [Exhibit B, ¶74].

21. In Count XVIII, the Underlying Plaintiff asserts a claim for conscious pain

and suffering against Trust Design & Remodel, LLC alleging that as a direct and proximate result of the carelessness, negligence, and actions of the defendant, Trust Design & Remodel, LLC, the decedent Justin Harrington was caused to consciously suffer.  [Exhibit B, ¶78].

22. After Nautilus received notice of the Underlying Action, it agreed to defend Trust Design & Remodel, LLC, in the Underlying Action subject to a reservation of rights.

23. Pursuant to the terms of the Policy, Nautilus is required to defend and indemnify its insured for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this insurance applies.

24. Pursuant to the terms of the Policy, General Liability coverage does not apply to, and is expressly excluded for bodily injury to "[e]mployees," "leased workers," "temporary workers," "volunteer workers," statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured.

25. Pursuant to the terms of the Policy, General Liability coverage does not apply to, and is expressly excluded for bodily injury to "[a]ny insured's contractors', subcontractors', or independent contractors' "employees," "leased workers," "temporary workers," statutory "employees," causal workers, seasonal workers, contractors, subcontractors, or independent contractors arising out of and in the course of (a) employment by an insured; or (b) directly or indirectly performing duties related to the conduct of any insured's business…"

26. A controversy has arisen between Nautilus and the defendant, Trust Design & Remodel, LLC, which poses an issue for judicial determination involving substantial

rights of the parties related to Nautilus' obligations to defend and indemnify Trust Design & Remodel, LLC.

## CLAIMS FOR DECLARATORY RELIEF

## COUNT I

## INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS

27. The Plaintiff, Nautilus Insurance Company repeats and incorporates by reference the allegations set forth in paragraphs 1-26 of this Complaint for Declaratory Relief as if fully set forth herein.

28. By virtue of the terms of the Policy, general liability coverage does not apply to the claims asserted against Trust Design & Remodel, LLC in the Underlying Action.

29. By virtue of the terms of the policy, general liability coverage does not apply to "bodily injury" to any insured's contractors', subcontractors', or independent contractors' "employees."

30. At the time of the fatal incident on January 18, 2018, the decedent, Justin Harrington, was an employee of Stoneworks Construction Company.

31. As an employee of Stoneworks Construction Company, Justin Harrington is an insured's contractors', subcontractors', or independent contractors' "employees" within the meaning of the EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS.

32. At the time of the fatal incident on January 18, 2018, Stoneworks Construction Company was the insured, Trust Design & Remodel's subcontractor.

33. At the time of the incident on January 18, 2018, the decedent, Justin Harrington, was an employee of the insured, Trust Design & Remodel's subcontractor,

Stoneworks Construction Company.

34. Where at the time of the incident, on January 18, 2018, the decedent was an employee of the insureds' subcontractor, coverage is expressly excluded and does not apply under the Policy.

35. A declaratory judgment will terminate this controversy.

36. No other method of relief is available to resolve this controversy.

## COUNT II

## SUBSIDENCE OR MOVEMENT OF SOIL, LAND, BEDROCK OR EARTH

37. The Plaintiff, Nautilus Insurance Company repeats and incorporates by reference the allegations set forth in paragraphs 1-36 of this Complaint for Declaratory Relief as if fully set forth herein.

38. By virtue of the terms of the Policy, general liability coverage does not apply to the claims asserted against Trust Design & Remodel, LLC in the Underlying Action.

39. By virtue of the terms of the policy, general liability coverage does not apply to "bodily injury" directly or indirectly arising out of, resulting from, contributed to, aggravated or concurrently caused by "subsidence or movement of soil, land, bedrock or earth", whether natural, manmade or otherwise.

40. Plaintiff, Nautilus Insurance Company has no duty to defend any insured against any loss, claim, "suit", or other proceeding alleging damages arising out of or related to "bodily injury" caused by "subsidence or movement of soil, land, bedrock or earth", whether natural, manmade or otherwise.

41. At the time of the incident on January 18, 2018, the decedent, Justin Harrington suffered "bodily injury" caused by subsidence or movement of soil, land, bedrock or earth, whether natural, manmade or otherwise.

42. Coverage is expressly excluded and does not apply under the Policy.

43. A declaratory judgment will terminate this controversy.

44. No other method of relief is available to resolve this controversy.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Nautilus Insurance Company, respectfully requests that this Honorable Court declare and adjudicate the rights, duties, and responsibilities of the parties under the terms and provisions of the Policy and issue a judicial declaration that the Plaintiff, Nautilus Insurance Company, has no duty to defend or indemnify the insured, Trust Design & Remodel, LLC, in connection with the Underlying Action together which such further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

-12-

        Respectfully submitted,
        The Plaintiff,
        NAUTILUS INSURANCE COMPANY,

        By Its Attorneys,

        **MORRISON MAHONEY LLP**

        *s/ William A. Schneider*

        William A. Schneider, BBO #636421
        250 Summer Street
        Boston, MA  02210
        Tel: (617) 439-7573
        Fax: (617) 342-4951
        *wschneider@morrisonmahoney.com*

June 16, 2021